Mr Justice Smith
delivered the opinion of the court.
This was a proceeding by motion in the circuit court of Hinds, to compel the plaintiffs in error to pay over moneys collected by them, as attorneys at law. The motion was entered by Mayfield Johnson, defendant in error, as the administrator of Isham Palmer, deceased.
The history of the transaction is this. Joseph Gray, acting as administrator de bonis non, of said Palmer, by virtue of letters, granted to him by the probate court of Hinds county, placed in the hands of the plaintiffs in error for collection, the promissory note of Keel & Thomas, for which he took their receipt. Suit was brought on the note; the money collected by the coroner, and paid over to the attorneys. Subsequently the probate court of said county appointed the defendant administrator of the deceased, having at a previous term pronounced a decree for the revocation of the letters granted to Gray.
*50 The plaintiffs in error holding a demand against the estate of said Palmer, for professional services rendered to Gray as his administrator, claimed the right to retain a sufficient amount out of the money collected upon the note of Keel & Thomas, to satisfy their demand. Upon the entry of the said motion, which was not preceded by a demand for the payment of the money, the plaintiffs in error brought into court the money in controversy, and filed, with their answer to the motion, an amount for professional services, which they presented as an offset against the demand of Johnson. Gray, who held their receipt for the note, had previously made a demand upon them for the money. Upon the hearing, the court granted the motion, and ordered the money to be paid over to Johnson.
Several exceptions are taken to the judgment. We shall notice but one of them. It is this, that the summary remedy, provided by the statute, against attorneys, for a failure or refusal to pay over moneys collected by them as such, does not apply to the relation which subsisted between Johnson and the plaintiffs in error.
The statute, Hutch. Code, 425, sec. 9, directs, “ That every attorney or counsellor, receiving money for his client, and refusing to pay the same, when demanded, shall be proceeded against in a summary way, on notice before the supreme court, or the circuit court of the county where such attorney or counsellor usually resides, in the same manner that sheriffs are liable to be proceeded against for money received on execution ; and damages in lieu of interest, not exceeding thirty per cent, per annum, from the time of receiving such money, until it shall be paid, may be awarded on the principal sum recovered.”
The act passed Feb. 5, 1841, directs, that “ If any attorney or counsellor at law, within this state, shall fail or neglect to pay over to the plaintiff, or his lawful agent, any money collected by him, whenever the same is demanded, such attorney or counsellor at law shall, in addition to the penalty now prescribed by law, upon a conviction thereof, be fined and imprisoned, at the discretion of the court, and be stricken from the *51 rolls, and thereafter not permitted to practise law in this state.” Hutch. Digest, 428.
If any doubt existed as to the character of the statute, first above quoted, whether it is penal, or simply remedial, the latter statute leaves no room for doubt. The damages which might be awarded against a defaulting attorney, in lieu of interest, was designed as a penalty for that particular breach of professional duty. Hence, like all acts of a penal character, or statutes in derogation of the common law rights of the citizen, it must receive a strict construction.
It is obvious that the relation between Johnson and the plaintiffs in error, either in the technical meaning, or common understanding of the terms, was not that of attorney and client. We are not permitted, by an equitable construction of the statute, to extend the summary remedy provided by it, to any other persons or class of persons, not clearly and plainly expressed.
There is another sufficient reason why the motion should not have been granted. The legal title to the funds brought into court was in Gray, the former administrator de bonis non of the decedent. The note upon which the money had been collected, if it had remained in the hands of Gray, would have been assets unadministered in his hands, and to which Johnson, as the representative of the decedent, would have been entitled. But the note, in specie, no longer remained in the possession of Gray. It had been changed into money by the operation of a suit at law. This money, it is true, belonged to him as administrator, and he was bound to render an account for it in his settlement with the probate court. But to the specific money, no legal title vested in Johnson. At most, he could only assert an equitable claim, and the extent of that claim would be determined by the amount of the balance, which, if any, might appear against Gray, on a settlement with the court.
Holding these views, we are compelled to reverse the judgment below.